CLD-249                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3673
_____

ISAIAH JAMAAL FIELDS,
Appellant

v.

DELAWARE DEPARTMENT OF CORRECTIONS; CONNECTIONS LLC; NURSE
PRACTITIONER LOUISE RYAN; NURSE PRACTITIONER CHRIS STARR; JANE
DOE #1, FEMALE DIRECTOR OF NURSES; JANE DOE #2, FEMALE CHARGE
NURSE; JANE DOE #3, FEMALE H.S.A.; JANE/JOHN DOES, AND OTHERS
WHOSE NAMES AND POSITIONS ARE UNKNOWN; COMMISSIONER ROBERT
COUPE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-16-cv-00629)
District Judge:  Honorable Maryellen Noreika
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: September 9, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Isaiah Fields appeals from the District Court's order granting summary judgment in favor of several defendants in an action that Fields brought pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Fields is a Delaware state prisoner who, at the time relevant to this matter, was incarcerated at Sussex Correctional Institution. In July 2016, he filed a complaint in the District Court alleging that the defendants violated his Eighth Amendment rights by mistreating an injury to his ankle. The District Court screened the complaint and dismissed many of the claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court permitted the claims against Nurse Practitioner Louise Ryan and Connections, Inc. (Connections), the medical provider within the Delaware prison system, to proceed.

After discovery, Ryan and Connections moved for summary judgment. The undisputed facts in the record showed that Fields injured his left ankle while playing basketball on February 1, 2016. He walked to the infirmary, where the nursing staff provided him with an ice pack and ibuprofen. A few days later, Fields' ankle was examined by Ryan. She noted that Fields had a full range of motion, but that he was complaining of pain. She ordered an X-ray, which showed a normal left ankle.

2

Fields sought continued treatment for the pain he was experiencing in his ankle. He was seen by other nurses on February 9, 12, 19, and 24, 2016. After noting the mild swelling in the ankle and normal X-ray results, those nurses advised Fields to rest and ice his ankle. At that point, Fields began filing grievances in which he sought an MRI and further treatment for his ankle. On May 20, 2016, he was seen by Nurse Practitioner Chris Starr, who noted that Fields' gait was normal. Starr provided Fields with an ankle brace and ibuprofen.

Fields was examined by a prison physician in August 2016. The physician noted that Fields had not followed the prescribed advice to rest and ice the ankle, and that Fields was experiencing worse pain. The physician provided shoe insoles and crutches, and he ordered additional X-rays, which again showed a normal ankle. In September 2016, the physician re-examined Fields, diagnosed an ankle sprain, and placed an e-consult to orthopedics. In December 2016, another physician examined Fields. An ultrasound was taken of Fields' ankle, and the results returned normal. Fields was referred to physical therapy.

In February 2017, Fields was examined by a physician who determined that his ankle was still not improving and that an MRI was warranted. In August 2017, an orthopedist examined Fields, diagnosed a chronic ankle sprain, and prescribed a brace. In January 2018, an MRI of Fields' ankle was taken, and the results returned normal. Fields has continued to receive treatment and therapy for his ankle since then.

3

The District Court granted summary judgment in favor of Ryan and Connections. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23. We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

## III.

To succeed on an Eighth Amendment medical needs claim, "a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quotation

marks and citation omitted).[1]  Prison officials "act deliberately indifferent to a prisoner's

serious medical needs by 'intentionally denying or delaying access to medical care or

interfering with the treatment once prescribed.'"  Id. (quoting Estelle v. Gamble, 429 U.S.

97, 104–05 (1976)).  But "mere disagreement as to the proper medical treatment" is

insufficient to support an Eighth Amendment claim.  Monmouth Cty. Corr. Inst. Inmates

v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).  Thus, "when medical care is provided, we

presume that the treatment of a prisoner is proper absent evidence that it violates

professional standards of care."  Pearson, 850 F.3d at 535 (citing Brown v. Borough of

Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as

a physician exercises professional judgment his behavior will not violate a prisoner's

constitutional rights")).

Here, the District Court properly dismissed the claims against the Delaware

Department of Corrections because it is immune from suit as an agency of the state of

Delaware.  See Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018).  The District

Court's dismissal of the claims against Commissioner Coupe was also proper, as Fields

failed to allege that Coupe was personally involved in the treatment of Fields' ankle, let

alone that he acted with deliberate indifference.  See Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal

---

[1] The parties do not dispute that Fields' medical needs were serious.  See Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) ("this Court has defined a medical need as serious if it has been diagnosed by a physician as requiring treatment").

involvement in the alleged wrongs" to be liable); see also Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (a non-medical prison official is not charged with deliberate indifference "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner"). The dismissal of the claims against Starr was also proper, as Fields' allegations—that Starr mistreated him by prescribing an ankle brace instead of crutches and an MRI—indicate "mere disagreement as to the proper medical treatment," which is insufficient to state an Eighth Amendment claim. Lanzaro, 834 F.2d at 346.

For similar reasons, the District Court properly granted summary judgment in favor of Ryan and Connections, as Fields failed to produce any evidence that Ryan or any of the other medical staff at Sussex Correctional Institution acted with deliberate indifference. The record showed that the medical staff consistently exercised professional judgment in treating Fields' ankle injury. See Brown, 903 F.2d at 278. Again, Fields' contention that the defendants should have provided crutches or an MRI sooner constitutes "mere disagreement as to the proper medical treatment." Lanzaro, 834 F.2d at 346. As Fields failed to produce evidence of any Eighth Amendment violation, let alone a violation that was caused by Connections' policy or custom, Connections was also entitled to summary judgment. See Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) ("To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted

6

in the alleged constitutional violations at issue.") (citing <u>Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003)).[2]

For the foregoing reasons, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] The District Court did not abuse its discretion in denying Fields' motion for appointment of counsel. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 158 (3d Cir. 1993). The District Court identified the appropriate considerations before concluding that it was unnecessary to appoint counsel because Fields had shown a sufficient ability to present his case. <u>See</u> <u>id.</u> at 155–58.